BURROWES et al. v. CARROM–ARCHARENA CO. et al.

(Circuit Court, W. D. Michigan, S. D.    May 10, 1911.)

1. TRADE-MARKS AND TRADE-NAMES (§ 92*)—SUIT FOR UNFAIR COMPETITION—
   SUFFICIENCY OF BILL.
   A bill *held* not to state a cause of action for unfair competition.
   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
   Dig. §§ 102, 103 ; Dec. Dig. § 92.*
   Unfair competition in use of trade-mark or trade-name, see notes to
   Scheuer v. Muller, 20 C. C. A. 165 ; Lare v. Harper & Bros., 30 C. C. A.
   376.]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER TO BILL.
   A demurrer to a bill for infringement on the ground that the patent is
   void on its face is good only where it is clear that the patent cannot be
   sustained by any evidence that might be produced on final hearing.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity. Suit by Edward T. Burrowes and others against the
Carrom-Archarena Company and others. On demurrers to bill. Sus-
tained in part, and overruled in part.

L. S. Bacon and James Whittemore, for complainants.
Chappell & Earl, for defendants.

DENISON, District Judge. This is a bill for patent infringement
and unfair competition. Defendants demur, because the only two
claims of the patent upon which reliance is now placed obviously do
not involve any patentable invention, and because no facts are stated
sufficient to make a case of unfair competition.

[1] Upon the latter subject, I find nothing in the bill which can
distinguish this case from the decision of the Court of Appeals in
Globe-Wernicke Company v. Macey, 119 Fed. 696, 56 C. C. A. 304.
So much of the demurrer as pertains to this subject will therefore be
sustained.

[2] Claims 5 and 6, if given the broadest scope which their language
would permit, go down very near to, if they do not cross, the lower
border line of the field of invention. On the other hand, if they can
be considered to be limited to a table with folding legs and with the
described cross-bars, which make pockets for receiving, wholly within
the frame, the legs when folded, the court would not be justified in
sustaining the demurrer. The presence of other claims tends to sup-
port the argument that these claims were not intended to be limited in
the manner suggested; but I have concluded that I cannot say that the
court may not, on final hearing, give these claims such a construction
as will make them valid.

For these reasons, and under the well-settled rule that such a de-
murrer is good only where it is clear that the claim cannot be sus-
tained upon final hearing, so much of the demurrer as pertains to the
question of patent infringement will be overruled.

Counsel may prepare an order.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes